**UNITED STATES of America**

v.

**Yardena HEBRONI, Defendant.**

**No. 00 CR 960.**

United States District Court, E.D. New York.

Feb. 12, 2002.

---

Louis E. Diamond, Staten Island, NY, Gustave H. Newman, Newman & Schwartz, New York City, Larry J. Silverman, New York City, for Defendant.

Eric Snyder, U.S. Dept. of Justice Narcotic & Dangerous Drug Section, Washington, DC, Laurel Loomis, U.S. Dept. of Justice Money Laundering Division, Washington, DC, for U.S.

## MEMORANDUM, FINDINGS AND ORDER

WEINSTEIN, Senior District Judge.

Through her Panamanian precious metal and jewelry business, defendant allegedly committed serious drug money washing offenses involving tens of millions of dollars. She is a citizen of Israel domiciled in Panama with no relatives or friends in this country. She appeared voluntarily in this court after her property was seized in Panama.

Defendant moved for release pending trial. After a hearing she was ordered released if she could satisfy conditions specified by the court. The magistrate judge held hearings determining that the property pledged fit the conditions.

It was the court's view that, for reasons stated orally on the record, the conditions would ensure that defendant could prepare for trial and that she would be present at the trial. *See generally* transcript of evidentiary hearing Dec. 12, 2001, pp. 39–56. The court was particularly concerned that without release there was a serious possibility that defendant would not be able to properly defend herself.

The government appealed from this court's decision of December 12, 2001 ordering release on conditions. The court of appeals remanded the case by its January 8, 2002 order: "We remand to the district court to consider the determinative question specified by § 3142—- whether any combination of conditions would reasonably assure Hebroni's appearance as required."

Following remand, the court held two additional evidentiary hearings. *See* transcript of hearings on February 8, 2002 and February 11, 2002. It was aided in the inquiry because the government has now

furnished, pursuant to order of the court, essentially all the documents it will rely upon and an outline of its testimonial case.

Given the circumstances of the case, it was the court's view that conditions of incarceration of the defendant and the nature of the case made it unlikely that due process could be served without some form of release. Due process rights of the defendant have been temporarily protected at substantial cost to the judicial system, by assigning a room in our already overburdened court house where she is brought early each morning from jail, works all day on scores of boxes of documents under guard of at least two marshals and then is returned to jail at the end of the day.

Because of winter conditions and her need for kosher food, the court has had to intervene to ensure that she obtains proper nutrition as well as adequate clothing during transportation. She shows signs of physical and emotional deterioration as a result of her incarceration.

Defendant has been held awaiting trial for sixteen months. The delay was not caused by her. In large part it was necessitated by the need to assemble and transport many boxes of defendant's company files from Panama where they had been seized by the Panamanian government.

The trial will take up to a month and will begin a month from now. Unless defendant is released she will have been incarcerated for eighteen months, while presumed to be innocent, in a foreign land, separated from her child.

The court has ordered the names of a number of prospective witnesses kept secret until trial to protect them. The defendant's release does not add to the dangers to these or any other witnesses. The threat comes from traffickers in drugs who she cannot influence.

The court, pursuant to the order of the court of appeals, puts aside considerations of the conditions of defendant's health and her ability to prepare for trial properly. It is deciding whether to grant release solely on the issue of whether the "combination of conditions [now imposed by the court] would reasonably assure Hebroni's appearance as required."

The court finds that there is no reasonable possibility that given the terms imposed, during release she "will endanger the safety of any other person or the community." 18 U.S.C. § 3141(b).

The probability of success of the government's case has been considered. This factor is relevant in deciding whether a defendant is likely to wish to flee or to stay and defend. A conviction will result in the loss of millions of dollars in assets seized by the governments of the United States and Panama. In effect, conviction would lead to defendant's financial ruin.

A date for trial and for sentence has been fixed. Defendant has been warned that fleeing will result in her being tried *in absentia*, increasing the possibility of conviction. Should she be successful in fleeing, defendant as well as her sureties would suffer the most serious consequences. Were she extradited (which is assumed to be unlikely) or apprehended after attempting to flee, the penalties would result in a more severe term of imprisonment and probably in loss of all her assets. These risks make it unlikely that she will wish to violate the conditions of her release.

The alleged criminal scheme alleged is wide and serious. The indictment has now been superceded and strengthened as a result of the court's suggestions so that it can be assumed, for present purposes, to state a valid criminal cause of action. The proof will necessarily be primarily based

upon documents in a number of languages showing transactions in many countries. Authentication and interpretation of these documents will be difficult. There are a large number of documents which have been moved from their natural setting in defendant's Panama business establishment; many are in disarray. Given the government's burden and the jury's probable capacity, it can be predicted that probability of the government's proving guilt beyond a reasonable doubt is substantial, but far from certain.

As a condition of release defendant has been ordered not to commit a federal, state, or a local crime during the period of release. 18 U.S.C. § 3142(c)(A). That includes absconding and not being present when the trial begins or when the court orders an appearance.

The court has considered the criteria in paragraph (B) of subdivision (c) of Section 3142, described below:

(i) The court's Pretrial Services agency is directed to take custody of defendant and to assure the court that she at all times will appear as required. It shall immediately inform the court of any violation of the terms of bail and of any changes in the terms of release desirable to assure the defendant's presence as required.

(ii) Maintenance of employment is not necessary since the defendant will be completely employed in preparing for trial.

(iii) Defendant is sufficiently educated for purposes of release.

(iv) Defendant shall not leave the county of Queens except in traveling to and from the court and her attorneys' offices in Manhattan by car service. She shall reside at 137–24 70th Avenue, Flushing, N.Y., 2nd floor, or at another address approved by Pretrial Services.

The defendant shall be under house arrest. She shall wear an electronic device to permit her tracing. Defendant shall pay for the cost of electronic monitoring.

She shall pay for a telephone which may be monitored by the government. She shall have no cell phone in her apartment or in her possession. The government may record any phone call made from or into her apartment except those to and from counsel.

Her five year old son and a relative may live with her and be present in the apartment, but they shall not be subject to house arrest. They are now in this country, having recently arrived from Israel in anticipation of defendant's release. The son and relative may leave the house, but they shall give Pretrial Services at least 24 hours notice before they leave the country.

(v) She shall avoid all contact with any person who participated in the alleged crime or any prospective witness except with permission of the court. This limitation on contact with prospective witnesses does not apply to her attorneys.

(vi) She shall report to Pretrial Services by telephone daily or as required by that agency.

(vii) She shall not be out of her apartment, even in connection with legal services, from 8:00 P.M. to 7:00 A.M.

(viii) She shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

(ix) She shall not imbibe alcohol or any drug, except for over-the-counter medication for headache or other common ailments, or as prescribed by a doctor.

(x) She does not require medical, psychological or psychiatric treatment.

(xi and xii) She shall furnish a bail bond with solvent sureties. The magistrate judge shall take steps, after hearing, in

writing, to assure that the requirements of xi and xii of paragraph (B) of subdivision (c) of section 3142 of Title 18 are complied with. (The magistrate judge has conducted the necessary hearings.)

The defendant will execute a $10 million personal appearance bond cosigned by four persons: her mother, Pradessa Mizrahi; her brother-in-law, Rahamin Yakov; her sister-in-law's mother, Ruth Gabay, and her friend, Herzel Por.

The bond will be fully secured by the defendant's assignment in favor of the government of all her and Speed Joyeros' right, title and interest in the following real property: (A) Speed's inventory, which may or may not be held in the Bank of Panama under the control of the government of the Republic of Panama and Speed's accounts receivable; the government may collect such accounts receivable and hold them in escrow. (B) The defendant's condominium in Panama City. (C) Speed's and the defendant's jewelry seized from the defendant when she was arrested. (D) Speed's $618,000 held in an account in Bank Leumi in New York.

In addition to cosigning the appearance bond, the defendant's relatives and friend already referred to will post cash or good commercial paper in favor of the United States government in the following amounts: (A) Pradessa Mizrahi, $30,000; (B) Rahamin Yakov, $30,000; (C) Ruth Gabay, $70,000; (D) Herzel Por, $25,000.

Two personal residences in Israel will secure the bond. A confession of judgment in favor of the United States for the full amount of the properties will be submitted. The forms of the confession and the description of the property will be such as to satisfy the government. In case of a dispute, the magistrate judge will decide.

The government shall control the collection of any debts due to defendant or any company or person controlled by her. She shall report to the government any accounts receivable collected after her arrest.

(xiii) The government may post a guard at or in defendant's apartment at its expense. It shall have free entry into the apartment to assure that conditions of release are met.

(xiv) She shall have the right to have a copy machine and computer (without e-mail connection) in the apartment. She may have a T.V. and video machine in the apartment.

(xv) The government will hold any passport of defendant. She shall not apply for, or obtain, another. She shall write a letter to the Consulates of Panama and Israel requesting that she not be issued a passport or travel documents.

The court has considered each of the factors listed in subdivision (g) of section 3142 of Title 18. It finds all of them support release at this time if the above conditions are met.

The court considered the nature and circumstances of the offense charged. It recognizes that the offence charged is a crime involving facilitation of international drug smuggling. The weight of the evidence against the defendant is substantial, but it does not guarantee conviction.

The defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings have been considered.

Defendant has no drug or alcohol abuse problem.

She has appeared regularly, but that is because she has been incarcerated except

for her first appearance. She appeared voluntarily in response to the notice to contest the civil forfeiture action. Had she gone to Israel, she would not have been extraditable.

She has no history of past criminal conduct. She has no community ties within this country. She has no residence in this country. She will have no financial resources should she lose the case. Family ties, particularly to her child, are such that it would be unlikely that she would abandon the child or place the child in any serious danger.

Her mental conditions appears to be sound. She appears to be slightly depressed, but not in a clinical sense. Physically she shows observable signs of gradual deterioration due to the nature of her incarceration.

She appears to be a person of strong character. She is unlikely to commit suicide.

At the time of the current charged offense the defendant was not on probation or parole or release pending trial. There is no serious danger to any person in the community, which would be posed by her release. It is inconceivable that anybody involved in the drug community would have anything to do with her during this period prior to trial. It is highly unlikely that she will commit a crime while she is released.

The source of the property in the Bank Leumi is not known to the Court. It may have been obtained from drug related money washing.

Money and resources posted by her family and friends have been, so far as the court can determine, legally obtained. Her ties to her family and friends are such that she is unlikely to leave them in financial jeopardy by absconding.

## CONCLUSION

The combination of conditions required by the court will reasonably assure the presence of the defendant at trial and whenever else she is required to appear by the court, the magistrate judge or Pretrial Services.

Either party may apply to the court or the magistrate judge to amend this order on one hour's notice.

SO ORDERED.